JAKE DAVIS & CO. v. JOHN G. MIGLIAVACA.

Delivered April 22, 1897.

**Depositions—Failure to Swear Interpreter.**

Where the interpreter employed by the officer in taking a deposition was not sworn as required by law, and the officer himself did not understand the language spoken by the witness, the deposition should be suppressed.

APPEAL from the County Court of Galveston. Tried below before Hon. WILLIAM B. LOCKHART.

*Hanscom & Malevinski*, for appellants.—On the proposition that the deposition should have been excluded: Schunior v. Russell, 83 Texas, 90;

State v. Cardinas, 47 Texas, 291; Carasos v. Gonzales, 33 Texas, 133; Weeks on Law of Depositions, secs. 300, 318, 319; Rev. Stats., art. 2230.

*James B. and Charles J. Stubbs,* for appellee.—Where it reasonably appears that the notary public taking a deposition knew the answers as written down were correct, and it is substantially admitted that they were correct, and the undisputed evidence of all the witnesses testifying upon this point show the fact that the answers were correctly taken down by the officer, it is not error to refuse to suppress a deposition on the ground that an interpreter was present at the time the deposition was taken. Schunior v. Russell, 83 Texas, 90; Munk v. Weidner, 29 S. W. Rep., 411; State v. Cardinas, 47 Texas, 291; Thor v. Railway, 29 N. Y. S., 675; Swift v. Applebore, 23 Mich., 253; Conner v. Kepper, 114 Mass., 278; Schuter v. Williams (Ohio), 1 W. L. J., 319; Railway v. Shenk, 23 N. E. Rep., 436.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was commenced in the Justice Court, and from the judgment rendered in that court for the appellants, Davis & Company, the appellee Migliavaca appealed to the County Court of Galveston County; and upon trial in that court, judgment was rendered against Jake Davis & Company, and they appealed to this court.

The suit was to recover the value of certain goods and merchandise of Migliavaca, which plaintiffs averred had been sold to one Verdigi, upon certain alleged false and fraudulent representations made to plaintiffs by the said Verdigi as to his financial status, and which goods the said Verdigi subsequently conveyed in trust for the benefit of certain of his creditors to the said Migliavaca, the said Verdigi being insolvent at the time of said conveyance.

At the trial of the cause in the County Court, the appellants moved to suppress the deposition of Verdigi, which had been taken on behalf of the defendant Migliavaca. The ground upon which the motion was based is, that when the deposition of the witness was taken, one John Bernadoni acted as interpreter for the officer by whom the deposition was taken, and that the said Bernadoni was not sworn as the law requires, and that the questions propounded in English by the officer to the interpreter were by the latter propounded in Italian to the witness, and that the officer did not understand the Italian language.

This motion should have been sustained, and the testimony excluded; and for the error of the court in refusing the motion to suppress, and in admitting the testimony of the witness in evidence, the judgment is reversed and the cause remanded for a new trial.

The case cited by counsel for appellee (Schunior v. Russell, 83 Texas, 83) in support of his contention that the deposition should not have been suppressed is unlike this, in this: that the officer before whom the deposition was taken understood the language in which the witness spoke, and the attorney of one of the parties, who interpreted and wrote

down the testimony, did so under the superintendence and control of the officer, and the officer verified the correctness of the work, and it was conceded that the answers of the witness were correctly taken.

The other cases cited by counsel but decide that, in any case in which an interpreter is necessary to take the deposition of a witness, if the officer by whom the deposition is to be taken can himself translate the language of the witness into English, he need not employ an interpreter, but may himself interpret. An interpreter should in every case be sworn in accordance with law, unless the interpreter is the officer who takes the deposition.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*